# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER EMMIT COLLIER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00026 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SWVRJA-DUFFIELD, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Christopher Emmit Collier, Pro Se Plaintiff; Joseph A. Piasta, JOHNSON, AYERS & MATTHEWS, P.L.C., Roanoke, Virginia, for Defendants.*

The plaintiff, Christopher Emmit Collier, a Virginia inmate proceeding pro se, filed this civil rights action against the jail and jail officials, alleging use of excessive force. The matter is presently before me on the defendants' Motion to Dismiss and Motion for Summary Judgment on the ground that Collier failed to exhaust his administrative remedies before filing this action. After review of the parties' submissions, I conclude that the Collier's claims must be dismissed for failure to prosecute.

Collier's claims arose while he was incarcerated at the Southwest Virginia Regional Jail in Duffield, Virginia. He alleges that on July 13, 2021, in the early afternoon, defendants Scott and Boothe used excessive force against him. Scott allegedly choked him and smashed his face into the floor. The officers then "dragged

[him] down the hallway bent doubled over and lifted [him] by [his] arms behind [his] back. [His] nose was smashed, [his] neck hurt, and [his] knee was hurt." Compl. 3, ECF No. 1. Some hours later, medical personnel examined him and took X rays of his face and knee.

Collier filed this § 1983 action in January 2022, suing the "SWVRJA-Duffield, VA" and Officers Scott and Boothe. *Id.* at 1. As relief, he seeks compensation. The defendants have responded with a Motion to Dismiss as to SWVRJA-Duffield and a Motion for Summary Judgment as to the officers.[1] The court notified Collier of the defendants' motions as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond to the motions within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice. Three weeks after the defendants filed their motions, Collier filed a Motion to Amend. The magistrate judge denied this motion, however, because it failed to attach an Amended Complaint or to provide any statement of the amendment Collier wished to make. Since April 25, 2022, the court has received no further

---

[1] The Motion to Dismiss argues that Collier's allegations do not state any actionable claim against SWVRJA-Duffield, and the Motion for Summary Judgment argues that Collier's claims should be dismissed because he failed to exhaust available administrative remedies before filing this case, as required by 42 U.S.C. § 1997e(a).

communication from Collier in response to the defendants' motions, and the time allotted for his response to these motions has elapsed.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11cv678-REP, 2012 WL 4329291, at *2 (Aug. 23, 2012), *R. & R. adopted*, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962)). When considering dismissal for failure to prosecute, the court must take into account four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

After receiving the court's Notice about responding to the defendants' motions, Collier filed only the Motion to Amend. It did not respond in any respect to the defendants' arguments for dismissal and summary judgment. In the three weeks after his motion was denied, Collier has not filed any responsive pleading addressing the defendants' arguments or any motion seeking an extension of time to

respond. The court finds that while Collier may be personally responsible for failing to comply with the court's Notice despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, the court concludes that dismissal without prejudice is an appropriate sanction for his failure to prosecute this action. Accordingly, I will dismiss the case without prejudice and dismiss the pending motions without prejudice.

      A separate Order will enter herewith.

                                        DATED:   June 6, 2022

                                        /s/  JAMES P. JONES
                                        Senior United States District Judge